IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL F. BORDEN, SR.,

    Petitioner,   No. CIV S-10-3183 CMK (TEMP) P

  vs.

PEOPLE OF THE STATE OF CALIFORNIA,

    Respondent.

_____/

DANIEL F. BORDEN, SR.,

    Petitioner,   No. CIV S-10-3192 KJN P

  vs.

PEOPLE OF THE STATE OF CALIFORNIA,

    Respondent.

_____/

    Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis. Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

    Under Rule 4 of the Rules Governing § 2254 Cases, the court must conduct a

preliminary review of § 2254 habeas petitions and dismiss any petition where it plainly appears that petitioner is not entitled to relief in this court. The court has conducted that review.

Petitioner presents four claims. In his first claim, petitioner asserts the prosecution withheld exculpatory evidence from petitioner prior to trial. However, petitioner fails to indicate what evidence was withheld. Petitioner cannot proceed on this claim, but the court will grant petitioner leave to submit an amended habeas petition in which he identifies what evidence he believes was withheld from him by prosecutors before trial and why such evidence was exculpatory.

In his second claim, petitioner asserts police officials used items obtained in an illegal search to interfere with some of his business relationships. An application for writ of habeas corpus can only be granted if it is shown that the petitioner is in custody on violation of federal law. 28 U.S.C. § 2254(a). In claim two, petitioner does not assert he is in custody in violation of federal law. Therefore, petitioner cannot proceed on claim two.

Next, petitioner asserts he was subjected to ineffective assistance of trial counsel. However, petitioner fails to point to the ways in which counsel was incompetent or how the actions of counsel impacted the result of trial as he must do to state a claim for ineffective assistance of counsel. See Strickland v. Washington, 466 U.S. 668 (1984). Petitioner cannot proceed on his third claim as it is currently written. Petitioner will be granted leave to attempt to cure the deficiencies in his third claim.

Finally, petitioner vaguely asserts he was subjected to prosecutorial and judicial misconduct other than the withholding of evidence. As with claims one and three, petitioner fails to point to any specific facts in support of his claim, he simply asserts conclusions. Petitioner will be granted leave to amend claim four. If petitioner elects to amend claim four, he must identify specific acts supporting his claim for prosecutorial misconduct and / or judicial misconduct.

Petitioner is informed that the exhaustion of state court remedies is a prerequisite

to the granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  Therefore, petitioner will not be allowed to proceed on any claims that have not been presented to the California Supreme Court.  Picard v. Connor, 404 U.S. 270, 276 (1971).

The court will order the Clerk of the Court to send petitioner the court's form application for writ of habeas corpus by persons in state custody.  Petitioner must submit his amended petition on this form.  The form must be completed accurately and petitioner shall refrain from providing information other than the information requested on the form.  Petitioner may attach exhibits to his amended petition if he likes, but it is not necessary.  Petitioner may attach additional points and authorities to his amended petition if necessary to provide the court with a clear understanding of petitioner's claim.  If petitioner does not file an amended petition that conforms with this order within thirty days, the court will recommend that this action be dismissed.

Petitioner has requested the appointment of counsel.  There currently exists no absolute right to appointment of counsel in habeas proceedings.  See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996).  However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require."  See Rule 8(c), Fed. R. Governing § 2254 Cases.  In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time.

Petitioner has filed two motions seeking "extraordinary relief."  One was filed December 8, 2010, the other January 24, 2011.  In the motions petitioner presents further arguments and facts in support of his being released.  This is not appropriate as any argument in favor of release or facts supporting the arguments presented in a petition for writ of habeas corpus must be presented in the petition for writ of habeas corpus.  Therefore, petitioner's motions for "extraordinary relief" will be denied.

Finally, petitioner requests that this case be consolidated with Borden v. People, CIV-S-10-3192 KJN P.  A review of the docket in that case reveals the habeas petition filed

therein is duplicative of the petition filed in that case.  Good cause appearing, the motion to consolidate will be denied, the court will reassign CIV-S-10-3192 KJN P to the undersigned pursuant to Local Rule 190(d) and dismiss that case as duplicative.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis is granted.

2. Petitioner's application for writ of habeas corpus is dismissed with leave to file an amended petition within thirty days.  The amended petition must comply with all of the terms of this order.

3. The Clerk of the Court is directed to send petitioner the court's form-application for writ of habeas corpus under 28 U.S.C. § 2254.

4. Petitioner's request for the appointment of counsel is denied.

5. Petitioner's December 8, 2010 motion seeking "extraordinary relief" is denied.

6. Petitioner's January 24, 2011 "request for emergency relief" is denied.

7. Petitioner's January 24, 2011 motion to consolidate is denied.

8. The Clerk of the Court is directed to reassign CIV-S-10-3192 KJN P to the undersigned.  The new case number shall be CIV-S-10-3192 CMK (TEMP) P, a copy of this order shall be filed in that case and the Clerk shall make the appropriate adjustment to in the assignment of civil cases to compensate for this reassignment.

9. Case CIV-S-10-3192 CMK (TEMP) P is dismissed as duplicative.

DATED: March 14, 2011

CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE

kc
bord3183.114